## Commonwealth ex rel. Serena v. Child Welfare Services of Armstrong County

*Richard S. Levine*, for petitioner.
*B. Albert Bertocchi*, for respondent.

GRAFF, J., July 12, 1972.—Petitioner, Norma Jean Serena, instituted this habeas corpus proceeding to recover the custody of her three minor children who are now in the possession of the Child Welfare Services of Armstrong County. Custody of two of the children was voluntarily given by petitioner and the third was secured under an emergency order of the court. These events took place approximately two years ago. No hearing has been held by the court to adjudge the children dependent and neglected. Mrs. Serena has moved her residence from this county into the neighboring County of Allegheny.

This matter comes before us upon a petition filed by the petitioner to inspect and make copies of the records of the Child Welfare Services of this county. This proceeding is instituted under Pennsylvania Rule of Civil Procedure 4009. The Child Welfare Services resists any order being made to allow inspection.

794

The right to inspect under Pa. R. C. P. 4009 is limited and may not be granted if facts are known to the petitioner or he has a reasonable means of knowledge or are not necessary to prove a prima facie case: Laub, Pennsylvania Trial Guide, Sec. 98.2.

The principal inquiry for the court's determination in the habeas corpus proceeding is the present situation and condition of the mother who now seeks the custody of her children. These facts are well known to petitioner who will undoubtedly produce evidence to establish such facts. Further, we believe that petitioner herself has full knowledge of any previous facts or circumstances which may become relevant in this case. Under the rules of the Department of Public Welfare as well as Child Welfare Services, the records of such organizations are confidential. It would require most extraordinary circumstances to cause the court to set aside such rules. The interests of petitioner relative to the custody of her children will be fully protected by the court in the hearing which will follow.

## ORDER OF COURT

And now, July 12, 1972, the petition for inspection of the records of the Child Welfare Services of Armstrong County is refused and dismissed.